IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GERALD HARTMAN
                    Plaintiff,

                    vs.                        Case No. 15-3022-JTM

WABAUNSEE COUNTY DISTRCT COURT,
                    Defendant.



GERALD HARTMAN
                    Plaintiff,

                    vs.                        Case No. 15-3066-JTM

STATE OF KANSAS, *et al.*,
                    Defendants.


MEMORANDUM AND ORDER


On September 8, 2008, Petitioner Gerald Hartman pled no contest to one count of aggravated indecent liberties with a child and one count of sexual exploitation of a child. The Kansas district court imposed a controlling sentence of 126 months incarceration (reflecting consecutive sentences of 94 and 32 months). Hartman's convictions and sentences were affirmed by the Kansas Supreme Court on direct appeal. *State v. Hartman*, No. 101,466, 2009 WL 3377995 (Kan.Oct. 16, 2009).

In 2010, Hartman attempted to withdraw his pleas, pursuant to K.S.A. 60-1507, on the grounds of ineffective assistance of counsel. The court appointed counsel on Hartman's behalf and conducted a nonevidentiary hearing on June 4, 2012. The district court determined that Hartman's motion was untimely. The Kansas Court of Appeals affirmed this decision, finding that Hartman's request for collaterial relief was barred by K.S.A. 60-1507(f), and that Hartman had failed to demonstrate any manifest injustice which would justify extending the time to seek relief. *Hartman v. State*, 2013 WL 29336115 (Ks. Ct. App. June 7, 2013), *rev. denied*, Nov. 22, 2013.

Hartman subsequently instituted two actions in this court pursuant to 18 U.S.C. § 2254.[1] In the first, styled as a Writ of Mandamus, No. 15-3022-JTM, Hartman complained that the state court failed to implement a favorable modification to his sentence, after he had obtained a favorable determination that he was eligible for resentencing pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), which altered the rules in Kansas for the calculation of criminal history. Hartman complained that a January 5, 2015 judgment entered in the district court failed to reflect the resulting modifiction of his sentence. (Dkt. 1, at 2). He also complained that his sentences should have been rendered concurrent, rather than consecutive in nature.

In the second action, No. 15-3066-JTM, Hartman seeks explicit habeas corpus relief on various due process claims, which he asserts were "preventing me from being able to clear my name." (Dkt. 1, at 17).

---

[1] Hartman also instiuted a third habeas action in federal court in Georgia, challenging a conviction in that state which was used as a basis for enhancing his Kansas sentence. The Georgia court transferred the action to the District of Kansas, and the court resolves Hartman's challenge by separate, contemporaneous order. No. 15-3006-JTM.

2

In both actions, Hartman argues that his ex-wife is the "the TRUE guilty in the crimes I was accused of." (No. 15-3022, Dkt. 3, at 3). He also complains of various custody issues with respect to his children, and having to pay child support. (No. 15-3022, Dkt. 6, at 1). Moreover, he contends, courts in both Kansas and Tennnessee have been ignoring his attempts to obtain custody. (Dkt. 15-3066, Dkt. 3, at 3). Hartman alleges that his ex-wife attempted to kill him by poison. (*Id*.).

Hartman also complains of receiving inadequate medical care. (No. 15-3022, Dkt. 3, at 1; No. 15-3066, Dkt. 1, at 12). Apparently under court-ordered restrictions as to contact with his children, he complains that his mail has been censored. (No. 15-3022, Dkt. 3, at 1). Finally, he advances claims of actual innocence. (No. 15-3022, Dkt. 3, at 1; No. 15-3066, Dkt. 1, at 12).

Hartman has failed to given any indication that he sought appellate relief from the 2013 decision of the Kansas Court of Appeals determining that his prior attempt to withdraw his guilty pleas was untimely. Neither has he provided any rationale for failing to seek timely federal collateral relief after the decision of the 2009 Kansas Supreme Court, which explicitly affirmed Hartman's sentences as running consecutively.

*Murdock* was explicitly overrruled by the Kansas Supreme Court in by *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), and *State v. Dickey*, 50 Kan.App.2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). In his subsequent pleadings to the court, Hartman has failed to make any showing as to why *Murdock* would justify the imposition of a new sentence in light of *Keel*.

3

More importantly, Hartman's claims of actual innocence, or of an illegal change to his sentence as consecutive, fail to present a valid basis for the relief sought. "[A] state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Wood v. Milyard*, 132 S.Ct. 1826, 1831 (2012) (quoting quoting 28 U.S.C. § 2244(d)(1)(A)). Under the circumstances of the case, plaintiff Hartman is beyond the one-year period and is precluded from challenging the sentence implosed by the State of Kansas.

A federal claim for habeas corpus relief must be based "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Hartman's other various complaints, such as his medical care or the custody of his children, do not affect the validity of his sentence and thus are not subject to relief under § 2254. *See Whetstone v. MDOC Parole Bd.*, 2016 WL 3267388, *1 (N.D. Miss. June 14, 2016) (prisoner's § 2254 habeas claim of denial of adequate medical care dismissed for failure to state a claim).

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue ... only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

4

issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Pursuant to this standard, this Court concludes Hartman is not entitled to a certificate of appealability with respect to this Petition.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2016, that the Petitioner's Motions to Proceed In Forma Pauperis (No. 15-3022, Dkt. 2; No. 15-3066, Dkt. 2) are denied. It is further ORDERED that the Petitions for Relief advanced in each of the present actions are hereby dismissed.

___s/ J. Thomas Marten__
J. THOMAS MARTEN, JUDGE